UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | 18-CR-00660 |
| --- | --- |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| KENISHA KENDREA FANFAIR, | |
| Defendant. | |

**Parties**                                              **Appearances**

For United States                                        Kayla Bensing
                                                         United States Attorney's Office
                                                         271 Cadman Plaza East
                                                         Brooklyn, NY 11201
                                                         718-254-6279

For Defendant                                            James Darrow
                                                         Federal Defenders of New York
                                                         1 Pierrepont Plaza, 16th Floor
                                                         Brooklyn, NY 11201
                                                         718-407-7419

1

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**
I.  Introduction ................................................................................................................. 2
II. Offense ...................................................................................................................... 2
III. Guilty Plea ................................................................................................................ 3
IV. Sentencing Hearing ................................................................................................... 3
V.  Guideline Calculation and Statutory Minimum ........................................................ 3
VI. Law ........................................................................................................................... 4
VII. 18 U.S.C. § 3553(a) Considerations ......................................................................... 4
VIII. Sentence .................................................................................................................... 5
IX. Conclusion ................................................................................................................ 7

## I. Introduction

Defendant Kenisha Kendrea Fanfair pled guilty to importing cocaine into the United States and possession of cocaine with intent to distribute. She acted as a drug courier, swallowing nearly 200 pellets filled with cocaine before boarding a flight from Guyana to New York.

The advisory Guidelines range of 24 to 30 months is much too severe in this case—typical of many others. Defendant, a 27-year-old Guyanese citizen, has no criminal history. She had only a minor role in a larger scheme to traffic cocaine into the United States. She grew up in an impoverished household with an absent mother and a stepfather who repeatedly sexually abused her. Now a single mother to two young girls, she has dedicated her life to her children and her younger siblings. A sentence of time-served (five months incarceration) is sufficient and will allow her to promptly return home to continue providing for her family.

## II. Offense

Fanfair arrived at John F. Kennedy International Airport in Queens, New York on November 26, 2018 aboard a flight from Georgetown, Guyana. Presentence Investigation

Report ("PSR") ¶ 4. She was selected for an enforcement examination by United States Customs and Border Protection officers. *Id.* During the inspection, she admitted to having ingested narcotics. *Id.* An x-ray examination was conducted which revealed foreign bodies insider her. *Id.* She eventually passed 199 pellets containing approximately 851 grams of cocaine. *Id.*

### III. Guilty Plea

On January 31, 2019, defendant pled guilty to importing 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii), and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(ii)(II). *Id.* ¶ 1–3.

### IV. Sentencing Hearing

A sentencing hearing was conducted on May 1, 2019. The proceeding was videotaped to develop an accurate record of the courtroom atmosphere. *See In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("A judge applies mental impressions of many tangible and intangible factors when imposing a sentence.").

### V. Guideline Calculation and Statutory Minimum

Defendant's base offense level is 24. PSR ¶ 10. Her offense level was reduced by four points because she was a minimal participant in the drug trafficking scheme. *Id.* ¶ 13. Three more points were deducted for her acceptance of responsibility and timely notification of a guilty plea. *Id.* ¶¶ 17–18. Her total offense level is 17. *Id.* ¶ 19.

Her criminal history category is I because she has no prior arrests. *Id.* ¶ 22. The guideline imprisonment range is 24 to 30 months. *Id.* ¶ 47.

She qualifies for safety-valve relief. *Id.* ¶ 46. There is no minimum applicable. *Id.*

## VI. Law

The Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220 (2005). A district court is required to "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Criminal sentencing is predicated on an "individualized assessment" of each defendant. *Id.* at 50. The sentence must be "sufficient, but not greater than necessary" to comply with the purposes set forth in Section 3553(a)(2). *See* 18 U.S.C. § 3553(a).

## VII. 18 U.S.C. § 3553(a) Considerations

Fanfair is a 27-year-old from Georgetown, Guyana. PSR ¶ 27. She grew up under exceptionally difficult circumstances. *Id.* ¶¶ 29–30. Her mother raised her along with eight other children—her two full siblings and her six maternal half siblings. *Id.* ¶ 28. They lived in poverty. *Id.* ¶ 29. There was not always enough food to eat. *Id.* Her father was out of the picture. *See id.*

Defendant's mother did not properly care for her children. *Id.* She was often absent, leaving the children to fend for themselves. *See id.* The responsibility fell on defendant to look after her younger siblings. *Id.* She took it upon herself to make sure her siblings went to school, had enough to eat, and were bathed and dressed. *See* Letter from J. Darrow, Apr. 9, 2019, ECF No. 16 ("Def.'s Sent. Mem."), at 2. She dropped out of high school after 10th grade so she could stay home to care for her younger siblings. *See id.*; PSR ¶ 40

When Fanfair was young, her mother married her stepfather. PSR ¶ 29. He was a drug dealer. *Id.* He was also abusive. *Id.* ¶ 30. Her stepfather began sexually abusing defendant when she was twelve years old. *Id.* He raped her on a regular basis, impregnating her twice— once when she was 14 and once when she was 15. *Id.*

4

Her mother enabled the abuse. *See id.* When defendant told her mother about the assaults, she did nothing to help her. *See id.* She forced her daughter to lie to authorities about what was happening to her and arranged for an abortion both times defendant became pregnant. *Id.* The abuse only stopped because her stepfather was arrested on drug charges when defendant was 15. *Id.* He spent three years in prison. *Id.* Defendant had moved out of her mother's house by the time her stepfather was released. *Id.*

Fanfair has two daughters—a 9 year old and a 4 year old. *Id.* ¶¶ 31–32. Both children are healthy and in school. *Id.* Defendant had her first child when she was 18 years old. *Id.* ¶ 31. The relationship with the child's father ended shortly after the child was born. *Id.* He has not had any involvement in their daughter's life and does not provide any financial assistance for the child. *Id.* Defendant was in a relationship with the father of her younger daughter for almost ten years. *Id.* ¶ 32. The relationship ended in 2018. *Id.* He no longer provides her or their daughter with financial support. *See* Sent. Hr'g Tr., May 1, 2019.

Defendant resides with her two children and her younger sister in Guyana. *Id.* ¶ 33. Money is tight. *See id.* ¶ 42. She works as a hairstylist, earning an estimated $800 a month. *Id.* The instant offense was committed out of financial desperation to support her family. *See* Def.'s Sent. Mem., at 4.

She has spent the past 5 months in a Brooklyn prison. PSR ¶ 35. She is working in laundry services and has had no disciplinary incidents. *Id.*

This is her first contact with the criminal justice system. *See id.* ¶¶ 20–25.

## VIII. Sentence

Defendant is sentenced to time served. Upon recommendation of Probation, no supervised release. A $200 special assessment is imposed. No fine.

5

The Guidelines do not reflect defendant's minimum culpability. *See United States v. Diaz*, No. 11-CR-00821-2 JG, 2013 WL 322243, at *1 (E.D.N.Y. Jan. 28, 2013) ("[T]he Guidelines ranges for drug trafficking offenses are not based on empirical data, Commission expertise, or the actual culpability of defendants. . . . Instead, they are driven by drug type and quantity, which are poor proxies for culpability."). Her role in the drug trafficking scheme was minimal. As an internal courier, she put herself at great physical risk for a small monetary reward. Despite a traumatic childhood marked by poverty and sexual assault, she has attempted to provide a stable household for her two young daughters.

Five months incarceration is appropriate. *See* 18 U.S.C. § 3553(a). Any more time in prison would be excessive and would unnecessarily risk further disrupting the lives of her two young daughters. Defendant shall be immediately deported permitting her to promptly reunite with her family.

Specific deterrence was considered. She has expressed genuine remorse for her actions. Deportation will provide an effective means of protecting the public from future wrongdoing by the defendant. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *8 (E.D.N.Y. Sept. 24, 2014) ("A drug courier who imports controlled substances via a commercial airliner will face considerable difficulties committing another similar United States offense following deportation. . . . [T]he American public is generally safe from those who have been deported.").

The sentence avoids disparities with similarly situated courier cases. *See, e.g., United States v. Juan Arias Nataniel*, No. 15-cr-588 (MKB) (E.D.N.Y. May 24, 2017) (time served); *United States v. Shanita Willis*, No. 14-cr-573 (ARR) (E.D.N.Y. July 9, 2015) (probation); *United States v. Segunda De La Rosa*, No. 15-cr-234 (RJD) (E.D.N.Y. Apr. 14, 2016) (time

served); *United States v. Allyssa Peters*, No. 15-cr-416 (ERK) (time served) (E.D.N.Y. Mar. 1, 2016).

## IX. Conclusion

All relevant issues have been considered to ensure that the sentence is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The sentence imposed serves the needs the justice.

Dated: May 13, 2019
       Brooklyn, New York

Jack B. Weinstein
Senior United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | 18-CR-00660 |
| --- | --- |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| KENISHA KENDREA FANFAIR, | |
| Defendant. | |

**Parties** | **Appearances**

For United States

Kayla Bensing
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6279

For Defendant

James Darrow
Federal Defenders of New York
1 Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-407-7419

1

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I. Introduction ........................................................................................................... 2
II. Offense ................................................................................................................. 2
III. Guilty Plea .......................................................................................................... 3
IV. Sentencing Hearing ............................................................................................ 3
V. Guideline Calculation and Statutory Minimum ................................................. 3
VI. Law ..................................................................................................................... 4
VII. 18 U.S.C. § 3553(a) Considerations ................................................................ 4
VIII. Sentence ........................................................................................................... 5
IX. Conclusion .......................................................................................................... 7

## I. Introduction

Defendant Kenisha Kendrea Fanfair pled guilty to importing cocaine into the United States and possession of cocaine with intent to distribute. She acted as a drug courier, swallowing nearly 200 pellets filled with cocaine before boarding a flight from Guyana to New York.

The advisory Guidelines range of 24 to 30 months is much too severe in this case—typical of many others. Defendant, a 27-year-old Guyanese citizen, has no criminal history. She had only a minor role in a larger scheme to traffic cocaine into the United States. She grew up in an impoverished household with an absent mother and a stepfather who repeatedly sexually abused her. Now a single mother to two young girls, she has dedicated her life to her children and her younger siblings. A sentence of time-served (five months incarceration) is sufficient and will allow her to promptly return home to continue providing for her family.

## II. Offense

Fanfair arrived at John F. Kennedy International Airport in Queens, New York on November 26, 2018 aboard a flight from Georgetown, Guyana. Presentence Investigation

Report ("PSR") ¶ 4. She was selected for an enforcement examination by United States Customs and Border Protection officers. *Id.* During the inspection, she admitted to having ingested narcotics. *Id.* An x-ray examination was conducted which revealed foreign bodies insider her. *Id.* She eventually passed 199 pellets containing approximately 851 grams of cocaine. *Id.*

### III. Guilty Plea

On January 31, 2019, defendant pled guilty to importing 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii), and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(ii)(II). *Id.* ¶ 1–3.

### IV. Sentencing Hearing

A sentencing hearing was conducted on May 1, 2019. The proceeding was videotaped to develop an accurate record of the courtroom atmosphere. *See In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("A judge applies mental impressions of many tangible and intangible factors when imposing a sentence.").

### V. Guideline Calculation and Statutory Minimum

Defendant's base offense level is 24. PSR ¶ 10. Her offense level was reduced by four points because she was a minimal participant in the drug trafficking scheme. *Id.* ¶ 13. Three more points were deducted for her acceptance of responsibility and timely notification of a guilty plea. *Id.* ¶¶ 17–18. Her total offense level is 17. *Id.* ¶ 19.

Her criminal history category is I because she has no prior arrests. *Id.* ¶ 22. The guideline imprisonment range is 24 to 30 months. *Id.* ¶ 47.

She qualifies for safety-valve relief. *Id.* ¶ 46. There is no minimum applicable. *Id.*

3

## VI. Law

The Sentencing Guidelines are advisory. *United States v. Booker*, 543 U.S. 220 (2005). A district court is required to "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Criminal sentencing is predicated on an "individualized assessment" of each defendant. *Id.* at 50. The sentence must be "sufficient, but not greater than necessary" to comply with the purposes set forth in Section 3553(a)(2). *See* 18 U.S.C. § 3553(a).

## VII. 18 U.S.C. § 3553(a) Considerations

Fanfair is a 27-year-old from Georgetown, Guyana. PSR ¶ 27. She grew up under exceptionally difficult circumstances. *Id.* ¶¶ 29–30. Her mother raised her along with eight other children—her two full siblings and her six maternal half siblings. *Id.* ¶ 28. They lived in poverty. *Id.* ¶ 29. There was not always enough food to eat. *Id.* Her father was out of the picture. *See id.*

Defendant's mother did not properly care for her children. *Id.* She was often absent, leaving the children to fend for themselves. *See id.* The responsibility fell on defendant to look after her younger siblings. *Id.* She took it upon herself to make sure her siblings went to school, had enough to eat, and were bathed and dressed. *See* Letter from J. Darrow, Apr. 9, 2019, ECF No. 16 ("Def.'s Sent. Mem."), at 2. She dropped out of high school after 10th grade so she could stay home to care for her younger siblings. *See id.*; PSR ¶ 40

When Fanfair was young, her mother married her stepfather. PSR ¶ 29. He was a drug dealer. *Id.* He was also abusive. *Id.* ¶ 30. Her stepfather began sexually abusing defendant when she was twelve years old. *Id.* He raped her on a regular basis, impregnating her twice— once when she was 14 and once when she was 15. *Id.*

4

Her mother enabled the abuse. *See id.* When defendant told her mother about the assaults, she did nothing to help her. *See id.* She forced her daughter to lie to authorities about what was happening to her and arranged for an abortion both times defendant became pregnant. *Id.* The abuse only stopped because her stepfather was arrested on drug charges when defendant was 15. *Id.* He spent three years in prison. *Id.* Defendant had moved out of her mother's house by the time her stepfather was released. *Id.*

Fanfair has two daughters—a 9 year old and a 4 year old. *Id.* ¶¶ 31–32. Both children are healthy and in school. *Id.* Defendant had her first child when she was 18 years old. *Id.* ¶ 31. The relationship with the child's father ended shortly after the child was born. *Id.* He has not had any involvement in their daughter's life and does not provide any financial assistance for the child. *Id.* Defendant was in a relationship with the father of her younger daughter for almost ten years. *Id.* ¶ 32. The relationship ended in 2018. *Id.* He no longer provides her or their daughter with financial support. *See* Sent. Hr'g Tr., May 1, 2019.

Defendant resides with her two children and her younger sister in Guyana. *Id.* ¶ 33. Money is tight. *See id.* ¶ 42. She works as a hairstylist, earning an estimated $800 a month. *Id.* The instant offense was committed out of financial desperation to support her family. *See* Def.'s Sent. Mem., at 4.

She has spent the past 5 months in a Brooklyn prison. PSR ¶ 35. She is working in laundry services and has had no disciplinary incidents. *Id.*

This is her first contact with the criminal justice system. *See id.* ¶¶ 20–25.

## VIII. Sentence

Defendant is sentenced to time served. Upon recommendation of Probation, no supervised release. A $200 special assessment is imposed. No fine.

5

The Guidelines do not reflect defendant's minimum culpability. *See United States v. Diaz*, No. 11-CR-00821-2 JG, 2013 WL 322243, at *1 (E.D.N.Y. Jan. 28, 2013) ("[T]he Guidelines ranges for drug trafficking offenses are not based on empirical data, Commission expertise, or the actual culpability of defendants. . . . Instead, they are driven by drug type and quantity, which are poor proxies for culpability."). Her role in the drug trafficking scheme was minimal. As an internal courier, she put herself at great physical risk for a small monetary reward. Despite a traumatic childhood marked by poverty and sexual assault, she has attempted to provide a stable household for her two young daughters.

Five months incarceration is appropriate. *See* 18 U.S.C. § 3553(a). Any more time in prison would be excessive and would unnecessarily risk further disrupting the lives of her two young daughters. Defendant shall be immediately deported permitting her to promptly reunite with her family.

Specific deterrence was considered. She has expressed genuine remorse for her actions. Deportation will provide an effective means of protecting the public from future wrongdoing by the defendant. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *8 (E.D.N.Y. Sept. 24, 2014) ("A drug courier who imports controlled substances via a commercial airliner will face considerable difficulties committing another similar United States offense following deportation. . . . [T]he American public is generally safe from those who have been deported.").

The sentence avoids disparities with similarly situated courier cases. *See, e.g., United States v. Juan Arias Nataniel*, No. 15-cr-588 (MKB) (E.D.N.Y. May 24, 2017) (time served); *United States v. Shanita Willis*, No. 14-cr-573 (ARR) (E.D.N.Y. July 9, 2015) (probation); *United States v. Segunda De La Rosa*, No. 15-cr-234 (RJD) (E.D.N.Y. Apr. 14, 2016) (time

served); *United States v. Allyssa Peters*, No. 15-cr-416 (ERK) (time served) (E.D.N.Y. Mar. 1, 2016).

## IX.  Conclusion

All relevant issues have been considered to ensure that the sentence is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The sentence imposed serves the needs the justice.

Dated: May 13, 2019
Brooklyn, New York

/s/ Jack Weinstein
Jack B. Weinstein
Senior United States District Judge